[837 NYS2d 876]

# In the Matter of ANTHONY BELLETTIERI, an Attorney, Resignor.

Second Department, May 1, 2007

## APPEARANCES OF COUNSEL

*Murray Richman*, Bronx, for resignor.

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Anthony Bellettieri has submitted an affidavit dated February 1, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Bellettieri was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 12, 1979.

Mr. Bellettieri avers that his resignation is submitted freely and voluntarily, with a full awareness of the implications of its submission, and without subjection to any coercion or duress.

Mr. Bellettieri is aware that he is the subject of ongoing investigations by, inter alia, the FBI, the United States Attorney, and the Grievance Committee for the Ninth Judicial District, with respect to allegations that he failed to properly operate, oversee, and manage several attorney trust accounts maintained in the name of Bellettieri, Fonte and Laudonio at JP Morgan Chase Bank. Mr. Bellettieri admits that he is currently a defendant in a civil litigation brought by the bank alleging that he is the prime architect of a check kiting fraud, perpetuated through the use and operation of the aforementioned attorney trust account, which resulted in the theft of more than $17 million over an 18-month period in 2005 and 2006. Mr. Bellettieri further concedes that the Grievance Committee's investigation has identified at least 20 different real estate transactions, conducted in or about November 2006, wherein numerous checks, in an aggregate amount of $2.5 million issued by the law firm at the closing table as the lender's settlement agent, were dishonored as a result of the aforementioned fraud.

Mr. Bellettieri is further aware that the Grievance Committee voted at its January 2007 meeting to refer this matter to the Court with the recommendation that a disciplinary proceeding be authorized against him and that he be suspended from practice during the pendency of such proceeding.

Mr. Bellettieri acknowledges his inability to successfully defend himself on the merits against any disciplinary charges the Grievance Committee for the Ninth Judicial District might seek to file against him. He is aware that pursuant to Judiciary Law § 90 (6-a), to the extent that any funds being held by him in a fiduciary capacity may be unaccounted for, the Court could, in an order accepting the resignation, require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. Mr. Bellettieri is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be

entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee joins in Mr. Bellettieri's request that his resignation be accepted in the interests of preserving time and court resources. Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Anthony Bellettieri is disbarred, and his name is stricken form the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RITTER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony Bellettieri is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Anthony Bellettieri shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony Bellettieri is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Anthony Bellettieri, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).